IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


JOHN W. BRATCHER,                          :

               Plaintiff,                  :    Case No. 3:08cv335

          vs.                              :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

               Defendant.                  :

_____

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC.
#13) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING
COMMISSIONER'S DECISION THAT PLAINTIFF'S DISABILITY UNDER
THE SOCIAL SECURITY ACT ENDED ON JULY 20, 2005, AND THAT THE
CLAIMANT HAS NOT BECOME DISABLED AGAIN SINCE THAT DATE
AND THAT, ACCORDINGLY, PLAINTIFF IS NOT ENTITLED TO BENEFITS
UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

_____


     Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On July 10, 2009, the United States Magistrate Judge

filed a Report and Recommendations (Doc. #12), recommending that the

Commissioner's decision that Plaintiff's disability under the Social Security Act

ended on July 20, 2005, and that he has not become disabled again since that date

and that, accordingly, he is not entitled to benefits under the Social Security Act, be

affirmed. Based upon reasoning and citations of authority set forth by the Magistrate Judge in his Report and Recommendations (Doc. #12) and in the decision of Administrative Law Judge David Ledman (Tr. 15-27), and his citations to the Record as a whole, as well as upon a thorough <u>de novo</u> review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #4), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff's disability under the Social Security Act ended on July 20, 2005, and that he has not become disabled again since that date and, accordingly, the Plaintiff is not entitled to benefits under the Social Security Act, was supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #13) are overruled. Accordingly, the decision of the Defendant Commissioner, to the effect that Claimant's disability ended on July 20, 2005, and that he has not become disabled again since that date and, accordingly, is not entitled to benefits under the Social Security Act, is affirmed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a <u>de novo</u> review of those recommendations of the report to which objection is made.

This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict

when the conclusion sought to be drawn from it is one of fact for the jury."

LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir.

1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by

substantial evidence, the Court must consider the record as a whole. Hephner v.

Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and

Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of

Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745

F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo,

resolve conflicts in evidence or decide questions of credibility. Garner, supra. The

findings of the Commissioner of Social Security and proceedings on Claimant's

application for social security disability benefits are not subject to reversal merely

because there exists in the record substantial evidence to support a different

conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th

Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it

must be affirmed, even if the Court as a trier of fact would have arrived at a

different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d

437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.     The Administrative Law Judge's statement, at page 23 of the Transcript, to the effect that "Current mental health treatment records indicate a GAF score of 57, which would indicate significant improvement in the claimant's mental condition," is incorrect, given that Plaintiff's GAF score, at the time he was approved for disability benefits in 1999, as a result of his mental health condition, was 60.  In spite of this error, Plaintiff is simply incorrect in his Objections (Doc. #13) to the Magistrate Judge's Report and Recommendations, given that the Administrative Law Judge did not bottom his finding that Plaintiff's disability had ceased <u>only</u> on what he thought was an improved GAF score.  Removing that erroneous statement from the calculus, still leaves substantial evidence remaining upon which to find Plaintiff not disabled, either by his mental health condition, considered alone, or by a combination of conditions.

2.     Were this Court considering this matter on a *de novo* basis, as the initial trier of fact, the result reached herein might well have been different. However, the task of a District Court in reviewing a decision of non-disability rendered by an Administrative Law Judge, is not to determine whether the record contains substantial evidence of disability; rather, the Court's task is limited to determining whether the Commissioner's finding of non-disability is supported by substantial evidence.  In this matter, the record is so supported.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, having concluded that the Commissioner's decision that Plaintiff's disability ended on July 20, 2005, and that he has not become disabled again since that date and , accordingly, is not entitled to benefits under the Social Security Act, was supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #13) are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff's disability ended on July 20, 2005, and that he has not become disabled again since that date and, accordingly, is not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


September 28, 2009                      /s/ Walter Herbert Rice
                                   WALTER HERBERT RICE, JUDGE
                                   UNITED STATES DISTRICT COURT

Copies to:

Donald Kenny Scott, Esq.
John J. Stark, Esq.
Russell Cohen, Esq.